**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**RONALDO S. LIGONS,**

Plaintiff,

v.

**MARK KROLL, Lt.; DAVID CRIST, Warden; and SGT. WELLER;**

Defendants.

---

Civil No. 02-805 (DSD/JGL)

**REPORT AND RECOMMENDATION**

APPEARANCES

Ronaldo S. Ligons, pro se

Jennifer A. Service, Esq., Assistant Attorney General, for Defendants

---

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

The above-entitled matter is before the undersigned Chief Magistrate Judge of District Court on Plaintiff's Motion for Directed Verdict (Doc. No. 12). This matter has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

A motion for a directed verdict in civil cases is made pursuant to Federal Rule of Civil Procedure 50(a) and is more commonly known as a motion for judgment as a matter of law. See Fed. R. Civ. P. 50(a) & advisory committee's note (1991 amendment). Before a party may move for a directed verdict, there must have been a trial by jury. See Fed. R. Civ. P. 50(a). In the

FILED 9-18-02
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD. ______
DEPUTY CLERK ______

present case, Plaintiff's motion is premature and should be denied. There has been no trial. The case is currently in its pretrial phase. If Plaintiff wishes to file a dispositive, pre-trial motion, he has until December 6, 2002 according to the pretrial scheduling order.

The Court further notes that Defendants did not respond to Plaintiff's motion for a directed verdict. If not for the procedural defect of Plaintiff's motion, the Court would have regarded Defendants' lack of opposition as acquiescence to Plaintiff's requested relief.

Based upon the above, and upon all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiff's Motion for Directed Verdict (Doc. No. 12) should be **DENIED.**

Dated: September 17, 2002

JONATHAN LEBEDOFF
Chief United States Magistrate Judge

Under D. Minn. LR 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving all parties by Oct. 4, 2002, written objections which specifically identify those portions of this Report to which objections are being made and the basis of

those objections. A party may respond to the objecting party's brief within ten days after being served with it. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.