UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Ronaldo S. Ligons,

Plaintiff,

v.

Lt. Mark Kroll, Warden David Crist, and Sergeant Weller,

Defendants.

Civil No. 02-805 (DSD/JGL)

**REPORT AND RECOMMENDATION**

APPEARANCES

Ronaldo S. Ligons, pro se

Jennifer A. Service, Assistant Attorney General, for Defendants.

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

**THIS MATTER** is before the undersigned Chief Magistrate Judge of District Court on Plaintiff Ligon's Motion for Full Compliance with First Amendment Protections [#15]; Plaintiff's Motion for Summary Judgment [#16] and Defendants' Motion for Summary Judgment [# 20]. The matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. As discussed more fully below, the Court finds that plaintiff's request for damages is barred by the Eleventh Amendment and that plaintiff's request for injunctive

FILED 2-5-03
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

relief is moot. This Court accordingly recommends that defendants' Motion for Summary Judgment be granted and that the case be dismissed with prejudice.

**I. BACKGROUND**

Ligons, an inmate at the Minnesota Correctional Facility-Stillwater ("MCF-STW") is seeking damages from a previous lawsuit, "Ligons I", that was dismissed for failure to exhaust administrative remedies, and he is seeking damages and injunctive relief in the present lawsuit, "Ligons 2". In Ligons I, plaintiff challenged the constitutionality of the prison's policy regarding inmates' receipt of gift books and subscriptions. Although the Court dismissed that challenge without prejudice for failure to exhaust administrative remedies, the Court also observed that plaintiff had raised a cognizable claim regarding the constitutionality of the prison's former policy prohibiting inmates from receiving gift publications. Report and Recommendation, Ligons v. Kroll, Civ. No. 00-1511, (D.Minn. Feb. 14, 2001) and Order (adopting Report and Recommendation) (D.Minn. March 16, 2001). The Court reasoned that a blanket prohibition of prisoners' receipt of gift publications was not rationally related to security concerns where the government had not described any particular risk created by prisoners receiving such publications. Id. Specifically, the Court suggested that the defendants provided no reason for banning books mailed directly from publishers and vendors. Id.

The following facts are not disputed. After Ligons I was dismissed without prejudice, plaintiff sought his administrative remedies regarding the gift book that was being withheld from him by the Property Department at MCF-STW. Plaintiff was reimbursed for the value of the book because it had been destroyed. Affidavit of Mark Kroll "Kroll Aff.," Docket No. 22, ¶ 14.

In this action, plaintiff alleges that the prison policy in effect in March 2002 is also in violation of the First Amendment of the Constitution and he seeks relief pursuant to 42 U.S.C. § 1983. On March 25, 2002, a package addressed to plaintiff arrived at MCF-STW and contained the book "Hook, Line & Sinker." Kroll Aff. ¶ 5. Plaintiff was sent a non-delivery notice from the Property Department at the prison because the invoice for the book did not indicate that it was sent by a third party as a gift or that it was ordered under the proper procedures by the inmate. Id. at ¶¶ 6, 7.

In response to plaintiff's kite to the Warden, defendant Kroll contacted the vendor of the book. Id. at ¶ 9. The vendor indicated that the book had been purchased by a third party but that it was not shipped directly from the publisher. Id. Defendants Kroll and Crist responded to plaintiffs' grievances and informed him that they would not deliver the gift book to him because it had been shipped by a vendor, Mud Hole Custom Tackle Inc., and not by the publisher, Henry Holt Publishing Company. Id. at ¶¶ 10-12.

The prison policy in force at the time Hook, Line & Sinker arrived

at MCF-STW provided that offenders may receive gift publications only when ordered through the publisher. MN DOC Division Directive 302.250, C.2, Affidavit of Mary McComb "McComb Aff.", Ex. C. As of September 3, 2002, the Property Department at MCF-STW has allowed inmates to receive gift books from publishers *and vendors*, if the package contains a receipt. Kroll Aff. ¶ 13. A proposed department-wide policy change states, "[g]ift publications are permitted only when shipped from the publisher or authorized vendor and must contain a receipt identifying the purchaser. Publications that have been altered or show signs of tampering will not be allowed." McComb Aff, ¶¶ 6-8 and Ex. D. The official policy was expected to go into effect on January 1, 2003. Id. The book, Hook, Line & Sinker, was given to plaintiff by staff on November 25, 2002. Id. at ¶ 10.

Plaintiff filed a Motion for Full Compliance With First Amendment Protections on September 25, 2002. In this motion, plaintiff recognizes that a new prison policy allows inmates to receive gift publications from publishers *and vendors* and must contain a receipt. Plaintiff "questions whether the inclusion of a 'receipt' places on unnecessary burden on prisoner's families and friends...."

Plaintiff also filed a Motion for Summary Judgment. Plaintiff asks the Court to award damages and litigation expenses from Ligons I. He requests injunctive relief ordering defendants to deliver the book, Hook, Line & Sinker,

to him.[1] Plaintiff also asks the Court to determine whether the prison's new policy that requires a receipt with gift publications violates the First Amendment.

Defendants filed an Opposition to plaintiff's Motion for Full Compliance with First Amendment Protections. Defendants contend that the injunctive relief requested is unclear, the issues raised in the motion are not ripe for review, and the new gift publication policy at MCF-STW is constitutional.

Defendants also filed a Motion for Summary Judgment. Defendants argue that they have been sued in their official capacities, thus, the Eleventh Amendment immunizes them from being sued for monetary damages in federal court. Defendants also contend that plaintiff's claim for injunctive relief regarding the book, Hook, Line & Sinker, is moot because the book has been given to plaintiff and the policy regarding gift publications has been changed. Finally, defendants argue that plaintiff cannot obtain damages from a prior action in this action.

## II. DISCUSSION

Summary judgment is proper if there is no genuine issue as to any

[1] Approximately two months after plaintiff's motion for summary judgment was filed, MCF-STW staff turned the book over to him. McComb Aff., ¶ 10.

material fact. Fed. R. Civ. P. 56(c); Celotex v. Catrett, 477 U.S. 317, 323 (1986). No genuine issue as to any material fact exists where a party fails to make a showing sufficient to establish an element essential to that party's case. Id. The burden of the moving party may be met by showing that there is an absence of evidence to support the nonmoving party's case. Id. at 325. In considering a motion for summary judgment, the court must not weigh the evidence. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The court must accept the nonmoving parties allegations as true and must draw all justifiable inferences in favor of the nonmoving party. Id.

**A. Eleventh Amendment Immunity**

Defendants contend that they have been sued in their official capacities and, as state employees, they are immunized by the Eleventh Amendment from plaintiff's claims for monetary damages. Defendant Crist is Warden at MCF-STW. Defendants Kroll and Weller are employees of MCF-STW. Plaintiff asserts that he intended to sue defendants in their individual capacities and that his intent can be inferred from other filings with the Court.

The Eleventh Amendment to the United States Constitution provides that judicial power of the United States does not extend to any suit commenced against one of the States by citizens of another State. U.S. Const. amend. XI. The Eleventh Amendment has been interpreted to extend to suits by all persons against a state in federal court. Santee Sioux Tribe of Nebraska

v. State of Nebraska, 121 F.3d 427, 429 (8th Cir. 1997).

In the context of a § 1983 damage claim against individual defendants acting in their official capacities as state officials, the state officials are not "persons" for purposes of liability under § 1983, and the Eleventh Amendment bars such relief. Murphy v. State of Arkansas, 127 F.3d 750, 754 (8th Cir. 1997). "If the complaint does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official capacity." Artis v. Francis Howell North Band Booster Assoc., Inc., 161 F.3d 1178, 1182 (8th Cir. 1998). The pleading requirement is strictly enforced because "[t]he Eleventh Amendment presents a jurisdictional limit on federal courts in civil rights cases against states and their employees." Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989).

Plaintiff's complaint does not specifically name defendants in their individual capacities. The Court also notes that although plaintiff's documents that were filed with the Court prior to submission of summary judgment motions indicate plaintiff's intent to seek damages from his previous litigation, they do not, as plaintiff asserts, evince plaintiff's intent to sue defendants in their individual capacities. Furthermore, it is not clear what damages, if any, plaintiff seeks for the alleged misconduct in the present action. Therefore, the Court will presume that defendants are sued in their official capacities. The Eleventh Amendment bars plaintiff's damage claims against defendants in their

official capacities. Thus, the Court recommends that defendants' motion for summary judgment on plaintiff's § 1983 claim for damages be dismissed with prejudice.[2]

**B. Plaintiff's Request for Injunctive Relief Under § 1983**

Under the Prison Litigation Reform Act "PLRA", a prisoner may seek injunctive relief in a § 1983 case. 18 U.S.C. § 3626(a). In this case, plaintiff alleges that defendants violated his rights under the First Amendment by not delivering the book, Hook, Line & Sinker, to him. Plaintiff also requests that defendants "bring their policies into compliance with the law." Defendants have delivered the book, Hook, Line & Sinker, to plaintiff and have changed the policy under which plaintiff was originally denied delivery of the gift book that was sent to him. Therefore, the relief he has requested is moot. See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985)(prisoner's claim for injunctive relief is moot where prisoner is no longer subject to the prison conditions in issue).

---

[2] In addition, plaintiff may not recover damages from his previous litigation in the present lawsuit. In Ligons I, the court dismissed plaintiff's claims for failure to exhaust his administrative remedies. After plaintiff filed an administrative grievance, defendants reimbursed plaintiff for the value of the book at issue in the litigation. Furthermore, defendants revised their policies regarding gift publications. The issue in Ligons I no longer presents a case or controversy. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990)("Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies.") Thus, the Court lacks jurisdiction to award the relief requested by plaintiff.

### C. Plaintiff's Motion For Full Compliance With First Amendment Protections

Months after filing the complaint in this action, it was brought to plaintiff's attention that MCF-STW had changed its policies regarding gift publications mailed to inmates. Plaintiff requested that the Court consider whether the new policy complied with the First Amendment. Plaintiff concedes that he has not been denied delivery of any gift publication under this new policy. Defendants contend that the issue is not ripe for adjudication.

As an initial matter, plaintiff has not followed the proper procedure to amend his complaint to add an additional claim regarding the new policy. See Fed. R. Civ. P. 15. However, a motion to amend the complaint to add an additional claim would be futile because plaintiff's allegations cannot satisfy the case and controversy requirement of Article III of the Constitution. See Johnson v. State, 142 F.3d 1087, 1089 (8th Cir. 1998) (allegations of possible future injury do not present a justiciable case).

"To present a justiciable claim a 'plaintiff...must demonstrate a realistic danger of sustaining a direct injury as a result of the statute's operation or enforcement.'" Kines v. Day, 754 F.2d 28, 31 (8th Cir. 1985) quoting Babbitt v. United Farm Workers Nat'l Union, 442 U.S. 289, 298 (1979). Plaintiff has not demonstrated such a danger. Plaintiff merely asserts that it is burdensome to require families and friends who send a gift publication to an inmate to be sure that the gift is delivered with a receipt. This allegation does

not rise to the level of a realistic danger of sustaining a direct injury. Thus, plaintiff's Motion for Full Compliance with First Amendment Protections should be denied because the claim is not in his complaint and a motion to amend the complaint would be futile because plaintiff does not allege a justiciable claim.

## III. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that

1. Plaintiff's Motion for Full Compliance with First Amendment Protections be **denied** [#15];

2. Plaintiff's Motion for Summary Judgment be **denied** [#16]; and

3. Defendants' Motion for Summary Judgment be **granted** [# 20] and the case be dismissed with prejudice.

Dated: February 5, 2003

JONATHAN LEBEDOFF
Chief Magistrate Judge

Pursuant to D. Minn. LR 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving all parties by Feb. 24, 2003, a copy of written objections which specifically identify the portions of the Report or Recommendation to which objection is being made, the basis for the objections, and a brief in support thereof. A party may

respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.