UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 02-805(DSD/JGL)

Ronaldo S. Ligons,

Plaintiff,

v.

**ORDER**

Lt. Mark Kroll, David
Crist, Warden, Sgt. Weller,

Defendants.

This matter is before the court upon plaintiff Ronaldo Ligons' objections to the report and recommendation of Magistrate Judge Jonathan Lebedoff, dated February 5, 2003. After the magistrate judge issued his report and recommendation, plaintiff filed timely objections to the report. Those objections were not docketed, however, until after the court issued its order adopting the magistrate judge's report and recommendation in its entirety. Therefore the court did not receive a copy of plaintiff's timely objections until after the court had issued its order. The court, nevertheless, declines to amend its February 28, 2003, order which adopted the magistrate judge's report and recommendation because plaintiff's objections lack merit. Instead, after a de novo review of the record, the court confirms its February 28, 2003, order adopting the magistrate judge's report and recommendation.

FILED 3-5-03
Richard D Sletten, CLERK
Judgment Ent'd. ________
Deputy Clerk's Initials ______

In particular, the magistrate judge correctly determined plaintiff's request for damages is barred by the Eleventh Amendment because plaintiff sued defendants, state employees, in their official capacities. While plaintiff asserts that he intended to sue defendants in their individual capacities, his claim fails because plaintiff's complaint does not specifically name defendants in their individual capacities. See Artis v. Francis Howell North Band Booster Assoc., Inc., 161 F.3d 1178, 1182 (8th Cir. 1998)("If the complaint does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official capacity.").

Additionally, the magistrate judge correctly determined that plaintiff's request for injunctive relief is moot because defendants have delivered the book, Hook, Line & Sinker, to plaintiff and have changed the policy under which plaintiff was originally denied delivery of the gift book that was sent to him. Although plaintiff now requests that the court consider whether the new policy violates the First Amendment, the court cannot review that policy because plaintiff has not presented a case or controversy, as Article III of the Constitution requires.

Accordingly, **IT IS HEREBY ORDERED** that

1. Plaintiff's motion for full compliance with First Amendment protections [Doc. No. 15] is denied;

2. Plaintiff's motion for summary judgment [ Doc. No. 16] is denied; and

3. Defendants' motion for summary judgment [Doc. No. 20] is granted.

Dated: March 5, 2003

David S. Doty, Judge
United States District Court