SCANNED
APR 19 2004
VEM
U.S. DISTRICT COURT ST. PAUL

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

No. 03-2747

| | | |
|---|---|---|
| Ronaldo S. Ligons, | * | |
| | * | |
| Appellant, | * | CV02-805 DSD/JGL |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Lt. Mark Kroll; David Crist, Warden; | * | |
| Sgt. Weller, | * | [UNPUBLISHED] |
| | * | |
| Appellees. | * | |

Submitted: February 5, 2004

Filed: March 15, 2004

Before BYE, McMILLIAN, and RILEY, Circuit Judges.

PER CURIAM.

Ronaldo S. Ligons, who is incarcerated at Minnesota Correctional Facility-Stillwater (MCF), appeals the district court's[1] adverse grant of summary judgment in his 42 U.S.C. § 1983 action against certain MCF officials. Having carefully reviewed

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable Jonathan G. Lebedoff, United States Magistrate Judge for the District of Minnesota.

APR 19 2004 3
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

the record, see Beck v. Skon, 253 F.3d 330, 332-33 (8th Cir. 2001) (standard of review), we affirm.

In March 2002, defendants withheld from Ligons a book he received in the mail. When he filed a grievance in April 2002, defendants investigated and discovered that the book had been sent as a gift, but they would not allow Ligons to have it because a policy at that time prohibited the receipt of gift books not sent directly from a publisher, and the book had been sent from a vendor. As of September 2002, MCF inmates were also allowed to receive gift books sent from authorized vendors if the package contained a receipt. Thereafter, Ligons requested and received the withheld book. Ligons claimed defendants had violated his First Amendment rights, and he referenced a previous lawsuit he had filed (Ligons I), wherein he had also asserted First Amendment claims based on the denial of a different book when MCF had a complete ban on gift books; Ligons I had been dismissed for failure to exhaust administrative remedies. In the instant lawsuit, Ligons sought damages; attorneys' fees and costs, including those arising from Ligons I; and an order directing defendants to turn over books mailed from vendors and publishers and to bring policies into compliance with the law.

Defendants raised in their answer and summary judgment motion an Eleventh Amendment defense to the damages claims, and we agree with the district court that even giving Ligons's complaint the most liberal construction, see Atkinson v. Bohn, 91 F.3d 1127, 1129 (8th Cir. 1996) (per curiam), he failed to sue defendants individually, see Morstad v. Dep't of Corr. & Rehab., 147 F.3d 741, 743 (8th Cir. 1998) (state employees sued in official capacities are not liable for damages under § 1983); Murphy v. Arkansas, 127 F.3d 750, 754 (8th Cir. 1997) (without clear statement that officials are being sued in personal capacities, complaint is interpreted as including only official-capacity claims).

We also agree with the district court that Ligons's claims for injunctive relief were moot. In November 2002, Ligons received the gift book at issue here, he never identified other gift books that had been withheld, and MCF's gift-books policy had been revised again in September 2002 to permit gift books if they were sent with a receipt directly from a publisher or an approved vendor. Cf. Smith v. Hundley, 190 F.3d 852, 855 (8th Cir. 1999) (inmate's claim for injunctive relief to improve prison conditions was moot when he was transferred to another facility and was no longer subject to those conditions).

Finally, contrary to his assertions on appeal, Ligons was not entitled to attorneys' fees or costs for the instant lawsuit, nor would he have been entitled to them in Ligons I, as he was not a prevailing party. See 42 U.S.C. § 1988 (prevailing party in § 1983 action may be entitled to reasonable attorneys' fees as part of costs); Fed. R. Civ. P. 54(d)(1) (except when express provision therefor is made in federal statute or rules, costs other than attorneys' fees shall be allowed to prevailing party unless court otherwise directs); Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 600-10 (2001) (clarifying definition of "prevailing party" in federal statutes authorizing court-awarded attorneys' fees and costs).

Accordingly, we affirm.

---

A TRUE COPY OF THE ORIGINAL
MICHAEL E. GANS, CLERK
UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT
BY: Michael E. Gans